NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0557n.06

No. 09-1309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 27, 2010**
LEONARD GREEN, Clerk

DALE GENO,

      Petitioner-Appellant,

v.

LINDA METRISH,

      Respondent-Appellee.

                           /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

Before: COLE and CLAY, Circuit Judges; and KATZ, District Judge.[*]

**KATZ, District Judge.** Petitioner, Dale Geno, appeals from the district court's denial of his petition for habeas corpus relief. In 2002, Geno was convicted of first-degree criminal sexual conduct after a bench trial in Michigan state court and sentenced to 30 to 90 years' imprisonment. After his conviction was affirmed on direct appeal, Geno twice moved unsuccessfully for relief from judgment in the state trial court. He filed this federal habeas petition in April 2008. The district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1), finding that Geno had failed to make a sufficient showing of "actual innocence" to warrant equitable tolling. We **AFFIRM**.

## BACKGROUND

Geno's petition challenges his conviction on charges of sexually assaulting a two-year old girl. At the time the charges were brought, Geno had been dating the victim's mother, who was then seeking a divorce from the victim's father, John Ramsey. It was John Ramsey who initially informed

---

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Children's Protective Services of the evidence that his daughter had been sexually assaulted. During an interview conducted by the Children's Assessment Center, the victim indicated that Geno had assaulted her. After initially denying to police that he had touched the victim in a sexual way, Geno admitted in subsequent police interviews to having sexual feelings towards the victim and to accidentally inserting his finger into her vagina while changing her.

Following a bench trial in the Muskegon County Circuit Court, Geno was convicted of first-degree criminal sexual conduct in connection with the assault. On May 20, 2002, Geno was sentenced to 30 to 90 years' imprisonment. The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied leave to appeal.

On May 19, 2005, Geno filed a motion for relief from judgment in the trial court, raising claims of ineffective assistance of trial and appellate counsel. The trial court denied the motion. Geno filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both courts denied leave to appeal.

On March 28, 2007, Geno filed another motion for relief from judgment in the trial court. The trial court denied the motion on the ground that it was an impermissible successive motion, as it did not present new evidence warranting an exception to the ban on successive motions for relief from judgment. Geno sought leave to appeal this ruling in the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied leave to appeal because pursuant to Michigan Court Rule 6.502(G)(1), a defendant generally cannot appeal the denial or rejection of a successive motion for relief from judgment. Geno then filed this federal habeas petition on April 24, 2008, which was subsequently dismissed by the district court. Geno now appeals.

## DISCUSSION

The district court correctly held that Geno's habeas petition was untimely, as it was not filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).[1] Geno seeks equitable tolling of the § 2244(d)(1) limitations period, however, on the ground of "actual innocence." Actual innocence provides a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005). To qualify for such tolling, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The "new evidence" presented by Geno in this case is an affidavit from his father, Theodore Geno. In the affidavit, Geno's father states that in December 2005, Dale Geno told him that Leslie Swartout, an inmate at the Muskegon County Jail, might have information concerning his case. On

---

[1]The district court calculated the limitations period as follows: Geno's 90-day window for filing a petition for a writ of certiorari in the United States Supreme Court began to run on November 23, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction. Because the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period, the one-year limitation period for filing a habeas petition began for Geno on February 21, 2005.

Geno filed his first motion for relief from judgment in the state trial court on May 19, 2005, 88 days into the limitations period. This filing served to toll the limitations period until November 10, 2006, the day after Michigan Supreme Court denied Geno leave to appeal the dismissal of his motion. The limitations period continued to run, uninterrupted, until it expired on August 13, 2007, well before Geno filed the instant habeas petition on April 24, 2008.

Geno's filing of a second motion for relief from the judgment in the trial court on March 28, 2007, did not serve to toll the limitations period, because the Michigan courts held it was an impermissible successive motion for relief from judgment, and thus it was not "properly filed" under 28 U.S.C. § 2244(d)(2). See *Raines v. Berghuis*, 2008 WL 2157049 at *4-*5 (E.D. Mich. May 22, 2008).

January 12, 2006, the elder Geno visited Swartout in jail. Swartout informed him that he knew John Ramsey, the victim's father, and that in a prior conversation, Ramsey told Swartout about Geno's relationship with his estranged wife and that he had a way of getting Geno "out of the way" so that he could reconcile with his wife. According to the elder Geno, Swartout indicated a willingness to testify as to what Ramsey told him.

This affidavit falls well short of satisfying Geno's burden for at least three reasons. First, the force of the affidavit is diminished significantly by the obvious reliability concerns raised by its status as inadmissible hearsay offered by a close relative of Petitioner. Second, John Ramsey was cross-examined at length during trial about his possible personal motives for implicating Geno in his daughter's sexual assault, including his displeasure at getting divorced and his estranged wife's relationship with Geno. The trial judge thus already had ample opportunity to consider the possibility that the charges against Geno were fabricated by John Ramsey to "get his wife back." Third, the affidavit does not address the most damaging evidence of Geno's guilt offered at trial: his statements to police admitting to having sexual feelings for the two-year old victim and penetrating her vagina with his finger.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court denying the petition.